| | | |
|---|---|---|
| STATE OF INDIANA ) | ) SS: | IN THE ALLEN SUPERIOR COURT |
| COUNTY OF ALLEN ) | | CAUSE NO. 02~~D01-1608-PL~~ |

SARAH ROSS )
    Plaintiff, )
               )
v. )
               )
PETSMART, INC., )
               )
    Defendants. )

02D03- 16 08 - PL - 0 0 0 4 2 5

FILED BY
CERTIFIED OR REGISTERED MAIL
T.R.5 (F)

AUG 30 2016

## COMPLAINT

Comes now the Plaintiff, Sarah Ross, by her attorney Patrick L. Proctor, and states her Complaint against the Defendant Petsmart, Inc. as follows:

1. The Plaintiff, Sarah Ross, is a resident of Allen County, Indiana.

2. The Defendant PETSMART, Inc. is a for-profit, foreign corporation registered to conduct business in the State of Indiana.

3. At all times relevant to this complaint, the Defendant conducted business at 1760 Apple Glen Blvd., Fort Wayne, Indiana 46804.

4. The Plaintiff was employed by the Defendant in Sacramento California from 2004 until 2015.

5. In June of 2015, the Plaintiff transferred to the Defendant's store located at 1760 Apple Glen Blvd., Fort Wayne, Indiana 46804 and began working for that store as a part-time cashier.

6. In July of 2015, the Plaintiff went to Jennifer Ousley, an Assistant Store Manager at the Apple Glen store, and requested the telephone number for the Defendant's Employee

Assistance Program ("EAP"). The Plaintiff's Pastor, Carol Thomas-Lopez, also participated in this meeting via telephone.

7. During this meeting, the Plaintiff informed Ousley that the Plaintiff was having mental problems for which she needed medical help. Ousley gave the Plaintiff the telephone number for the Defendant's EAP, and told the Plaintiff that she would keep the information about the Plaintiff's mental condition confidential.

8. The Plaintiff contacted the Defendant's EAP in July, 2015, but was told that she was not eligible since she was a part time employee, and did not have the insurance needed to cover the cost of the program.

9. The Plaintiff informed Ousley of what she was told by EAP, and requested more hours so that she could work full time to be eligible for insurance. Ousley told the Plaintiff that no additional hours were available.

10. In July of 2015, the Defendant named the Plaintiff the "Associate of the Month" of its Apple Glen store.

11. Between July and December, 2015, the Defendant hired more part-time employees, including additional cashiers, at the Apple Glen store.

12. In or around October of 2015, Pastor Carol took the Plaintiff to Park Center Mental Health Center in Fort Wayne, Indiana, where the Plaintiff was evaluated and diagnosed with post-traumatic stress disorder and borderline personality disorder. The Plaintiff believes that she was also diagnosed with schizoaffective disorder, depressive type.

13. Park Center recommended that the Plaintiff obtain counseling, however, the Plaintiff had no insurance and no means for paying for treatment of her disorders.

14. In or around November of 2015, the Plaintiff again went to Ousley and asked for more hours at work. She informed Ousley of her diagnoses and stated that she needed to get insurance to pay for the treatment. Ousley again told the Plaintiff that no additional hours were available.

15. Prior to her work shift on January 21, 2016, the Plaintiff again went to Ousley to request the number for EAP (which the Plaintiff had lost). Again, Pastor Thomas was present for the conversation on a speaker phone. During this meeting, the Plaintiff informed Ousley that she had qualified for insurance through Indiana's Healthy Indiana Plan ("HIP"), and she thought she might now be eligible for mental counseling through the Defendant's EAP.

16. During the January 21st meeting, the Plaintiff also informed Ousley that she had heard voices in her head, and that she had thoughts about suicide and about wishing other employees dead. She also stated that at times she thought she could control other people with her mind.

17. The Plaintiff did not threaten any other employee during the January 21st meeting. At no time during her employment with the Defendant did the Plaintiff threaten any other employee. At no time during her employment with the Defendant did the Plaintiff bring a weapon to work or take any other action that violated the Defendant's workplace violence policy.

18. During the January 21st meeting, the Plaintiff merely informed Ousley of the disturbing thoughts that she had been having and reiterated to Ousley why she wanted the EAP phone number so that she could get medical help for her mental conditions.

19. Ousley told the Plaintiff that she would get the EAP number for her and give it to her later that day.

3

20. On January 21st the Plaintiff was scheduled to work from 9:00 am until 2:00 p.m. After meeting with Ousley the Plaintiff clocked in and began work.

21. At around 1:00 p.m. that day Fort Wayne police officers arrived at the Defendant's Apple Glen store.

22. The Plaintiff was instructed to go to the office and meet with the police officers. In the officers the police officers asked the Plaintiff if she had had thoughts of harming herself and others. The Plaintiff responded simply "yes" even though she had not had specific thoughts of herself harming others, only wishing that others were dead.

23. The Police told the Plaintiff that she would have to go with them, and they took her to Park Center Behavioral Health Center.

24. Park Center evaluated the Plaintiff on January 21, 2016 and then released her that day. Park Center made an appointment for the Plaintiff to receive a psychiatric evaluation from doctor Robert miner on January 28, 2016. Park Center did not commit the Plaintiff, and did not restrict her from returning to work.

25. On January 22, 2016, prior to the Plaintiff's next scheduled work shift, the Defendant called the Plaintiff and told her that she was terminated from employment. The Defendant told the Plaintiff that she was not allowed back onto the Defendant's premises, and that Pastor Carol would have to come to the store to pick up the Plaintiff's personal belongings.

26. Since January 22, 2016, the Plaintiff has been receiving medical treatment for her mental conditions.

27. Since January 22, 2016, the Plaintiff has been looking for employment, but has been unable to find employment.

28. The Plaintiff is (and since January 21, 2016 has been) able to perform the essential functions of her job at the Defendant's store with or without a reasonable accommodation.

29. At no time has the Plaintiff posed a "direct threat" to herself or other employees as defined by 42 U.S.C. §12111(3) or 29 C.F.R. 1630.2(r).

30. The Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, on January 27, 2016 alleging violations of the Americans with Disabilities Act. A true and accurate copy of this charge of discrimination is attached hereto as Exhibit "A".

31. On June 1, 2016, the EEOC issued the Plaintiff a notice of right to sue, which the Plaintiff received on or about June 2, 2016. A true and accurate copy of this notice of right to sue is attached hereto as Exhibit "B".

32. The Plaintiff has exhausted all necessary administrative processes, and has standing to bring this action.

33. This Court has jurisdiction over this action.

34. This Court is the appropriate venue for this action.

35. At all times relevant to this complaint, the Defendant employed more than fifteen people and was an "employer" as that term is defined by §101 of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12111(5).

36. At all times relevant to this complaint the Plaintiff was a person with a disability as defined by the ADA.

37. Alternatively, at all times relative to this complaint the Plaintiff was a person perceived as having a disability or a person with a record of having a disability as defined by the ADA.

38. At all times relevant to this complaint the Plaintiff was an "employee" of the Defendant as defined by 42 U.S.C. §12111(4)

39. At all times relevant to this complaint, the Plaintiff was a Qualified Person with a Disability as defined by 42 U.S.C. §12111(8).

## COUNT I: DISCRIMINATION CLAIM

40. The Plaintiff incorporates the allegations of paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. The Plaintiff was satisfactorily performing her job with the Defendant and was able to continue satisfactorily performing all of her essential job functions with or without a reasonable accommodation.

42. The Defendant discriminated against the Plaintiff on the basis of her disability in regard to job advancement and discharge from employment and other terms and conditions and privileges of employment in violation of 42 U.S.C. §12112.

43. The Plaintiff has suffered lost income, lost employee benefits, and emotional pain and distress due to the Defendant's actions.

## COUNT II: FAILURE TO ACCOMMODATE CLAIM

44. The Plaintiff incorporates the allegations of paragraphs 1 through 39 of the Complaint as if fully set forth herein.

45. At the time when the Defendant terminated the Plaintiff's employment it was aware that the Plaintiff was a qualified person with a disability as defined by the ADA.

46. The Defendant had an obligation under the ADA 42 U.S.C. §12112(b)(5)(A) to provide the Plaintiff with a reasonable accommodation to allow her to perform her job with the Defendant.

47. The Defendant failed to provide the Plaintiff with available reasonable accommodations that would have allowed the Plaintiff to satisfactorily perform her job with the Defendant..

48. On January 21, 2016 the Defendant terminated the Plaintiff rather than providing her with reasonable accommodation.

49. The Plaintiff has suffered economic harm, lost employee benefits and emotional distress due to the Defendant's actions.

## PRAYER FOR RELIEF

50. The Plaintiff incorporates the pleadings in paragraphs 1 through 49 of the complaint as if fully set forth here.

51. The Plaintiff seeks declaratory judgment.

52. The Plaintiff seeks injunctive relief including reinstatement to her position.

53. The Plaintiff seeks economic relief in the form of lost wages, lost employee benefits and other consequential damages.

54. The Plaintiff seeks emotional distress damages and other compensatory damages.

55. The Plaintiff seeks punitive damages as permitted by the ADA.

56. The Plaintiff seeks an award of her costs for bringing this action.

57. The Plaintiff seeks an award of attorney fees as permitted by the ADA.

58. The Plaintiff seeks, all other relief available under the ADA or other law or at equity as the Court deems justified in the premises.

WHEREFORE, the Plaintiff, Sara Ross, respectfully requests that this Court enter a judgment against the Defendant, and grant the Plaintiff all appropriate relief prayed for above and any other relief that the Court deems just and proper in the premises.

Respectfully submitted,

EILBACHER FLETCHER, LLP

_____
Patrick L. Proctor, #17509-02
EILBACHER FLETCHER, LLP
803 South Calhoun St., Suite 400
Fort Wayne, Indiana  46802
Telephone: (260) 425-9777
Facsimile: (260) 424-9177
proctor@eflawyers.com